F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 1 4 2022

1  SIAMAK VAZIRI, ESQ. [SBN 242447]
   CARYN BROTTMAN SANDERS, ESQ. [SBN 175378]
2  ELIZABETH C. MUNRO, ESQ. [SBN 325502]
   VAZIRI LAW GROUP, APC
3  5757 Wilshire Blvd. Ste. No. 670
   Los Angeles, California 90036
4  Telephone: (310) 777-7540
   Facsimile: (310) 777-0373
5
6  Attorneys for Plaintiff
   CRYSTAL HORNE
7
8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                  **COUNTY OF SAN BERNARDINO**
10
11  CRYSTAL HORNE,                    | Case No.: **CIV SB 2 2 0 3 5 6 1**
                                       | Judge:
12                                     | Dept.:
13            Plaintiff,
                                       | **COMPLAINT FOR DAMAGES FOR**
14        vs.
                                       | **1. NEGLIGENCE;**
15                                     | **2. PREMISES LIABILITY**
    TARGET CORPORATION, a Minnesota
16  corporation; and DOES 1 through 50, inclusive,
                                       | **DEMAND FOR JURY TRIAL**
17
18            Defendants.
19
20
21        COMES NOW Plaintiff CRYSTAL HORNE, an individual, who complains and alleges as

22  follows:

23        1.      Plaintiff Crystal Horne (hereinafter, or "Plaintiff") is, and at all relevant times was, a

24  resident of the county of San Bernardino and the State of California.

25        2.      Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein,

26  Defendant TARGET CORPORATION, was a Minnesota Corporation, duly authorized to conduct

27  business and was conducting business in the City of Hesperia, County of San Bernardino, State of

28  California.

1

3.     Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, Defendant TARGET CORPORATION and DOES 1 through 50, inclusive (collectively, the "Defendants") operate and manage a Target Store located at 12795 Main Street, Hesperia, California 92345.

4.     The true names and capacities, whether individual, plural, corporate, partnership, associate or otherwise of DOES 1 through 50, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants with the causes of action alleged herein is unknown to Plaintiff.  Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was and is negligently, carelessly, recklessly, unlawfully, tortuously, wantonly, wrongfully, illegally, or in some other actionable matter, responsible for the events and happenings hereinafter referred to, and thereby negligently, carelessly, recklessly, unlawfully, tortuously, wantonly, wrongfully, and illegally proximately caused the hereinafter described injuries and damages to Plaintiff.  Plaintiff will later file an amendment to this Complaint or seek leave of Court to amend this Complaint to show Defendants' true names and capacities after the same has been ascertained.

5.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 50, inclusive, and each of them, were agents, servants, employees and joint venturers of each other, and were, as such, acting within the course, scope and authority of said agency, employment and joint venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every Defendant as an agent, employee, contractor, subcontractor and joint venture, and that each Defendant, by and through its officers, officials, directors, managers, supervisors and/or managing agents, authorized, ratified and otherwise approved the acts of the remaining Defendants, and that said officers, directors, or managing agents participated in said acts with the Defendants, including DOES 1 through 50, inclusive, and each of them.

## GENERAL ALLEGATIONS

6.     Plaintiff is informed and believes and thereupon alleges that Defendants TARGET CORPORATION and DOES 1 through 50, and each of them, owned, leased, operated, maintained,

1 | designed, installed, built, managed, supervised, inspected and/or otherwise controlled a Target Store
2 | located at 12795 Main Street, Hesperia, California 92345 (herein after, the "PREMISES").

3 |     7.    Defendants TARGET CORPORATION and DOES 1 through 50, and each of them, failed
4 | to own, lease, operate, maintain, design, install, build, manage and/or otherwise control the PREMISES
5 | in a safe condition.

6 |     8.    On or about March 13, 2020, Defendants TARGET CORPORATION and DOES 1 through
7 | 50, and each of them, so negligently owned, leased, operated, maintained, designed, installed, built,
8 | managed, supervised, inspected and/or controlled the PREMISES in a manner that unsafe and dangerous
9 | conditions were created or caused to exist which led to an incident wherein Plaintiff was injured while at
10 | the PREMISES and suffered severe bodily harm.

11 |     9.    On March 13, 2020, Plaintiff was lawfully at and upon the PREMISES when she was
12 | caused to slip and fall as a result of the dangerous conditions of the PREMISES, including but not limited
13 | to trip/slip hazards, inadequate fixtures and/or supplies, inadequate signing, inadequate floors, and/or
14 | failure to warn of dangerous condition, and/or obstructed walkways. Specifically, while Plaintiff was
15 | walking in the check stand lanes, she suddenly and unexpectedly came into contact with a slippery
16 | substance and/or object on the floor, causing her to slip and fall. Plaintiff was injured as a direct and
17 | proximate result of encountering the unsafe and dangerous conditions that existed at Defendants'
18 | PREMISES.

19 |     10.    As a proximate result of the conduct of Defendants TARGET CORPORATION and DOES
20 | 1 through 50, and each of them, Plaintiff sustained losses in an amount to be determined at trial, including
21 | but not limited to, physical injuries to her body requiring medical treatment and care, physical pain and
22 | mental suffering, loss of earnings and the capacity to maintain gainful employment, among other general
23 | and special damages in an amount to be determined according to proof.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(As Against All Defendants)**

27 |     11.    Plaintiff re-alleges and incorporates by reference each and every allegation above as though
28 | fully set forth in detail herein.

12.     Defendants TARGET CORPORATION and DOES 1 through 50, and each of them, owed a duty to Plaintiff to exercise ordinary care and skill to avoid causing foreseeable harm to Plaintiff and other similarly situated persons. Defendants, and each of them, had a duty to use reasonable care to discover any unsafe conditions on the PREMISES and to repair, replace, or give adequate warning of anything that could reasonably be expected to harm others.

13.     Defendants TARGET CORPORATION and DOES 1 through 50, and each of them, breached that duty of care by negligently and carelessly managing, operating, inspecting, controlling, supervising and/or maintaining the PREMISES. Defendants knew or should have known that the dangerous conditions were present and/or Defendants (and/or their employees or agents) created such conditions. Defendants failed to take reasonable steps to repair, replace, or give adequate warning of the dangerous and unsafe conditions of the PREMISES, which Defendants, and each of them, created or otherwise failed to repair despite reasonable time and opportunity to take corrective action. Specifically, while Plaintiff was walking in the check stand lanes, she suddenly and unexpectedly came into contact with a slippery substance and/or object on the floor, causing her to slip and fall. Plaintiff was injured as a direct and proximate result of encountering the unsafe and dangerous conditions that existed at Defendants' PREMISES.

14.     As a proximate result of the conduct of Defendants TARGET CORPORATION and DOES 1 through 50, and each of them, Plaintiff sustained losses in an amount to be determined at trial, including but not limited to, physical injuries to her body requiring medical treatment and care, physical pain and mental suffering, loss of earnings and the capacity to maintain gainful employment, among other general and special damages in an amount to be determined according to proof.

## SECOND CAUSE OF ACTION

### PREMISES LIABILITY

### (As Against All Defendants)

15.     Plaintiff re-alleges and incorporates by reference each and every allegation above as though full set forth in detail herein.

16.     TARGET CORPORATION and DOES 1 through 50, and each of them, including without limitation their vendors, agents, employees, co-workers and others, owned, leased, operated, maintained,

4

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1 | designed, installed, built, managed, inspected and/or otherwise controlled the PREMISES.

2 |     17.    Defendants, and each of them, had a duty to use reasonable care to keep the PREMISES in
3 | a reasonably safe condition for use by Plaintiff and others similarly situated. Defendants, and each of
4 | them, had a duty to use reasonable care to discover any unsafe conditions on the PREMISES and to repair,
5 | replace, or give adequate warning of anything that could reasonably be expected to harm others.

6 |     18.    Defendants, and each of them, breached their above-described duties and failed to use
7 | reasonable care to protect Plaintiff and others similarly situated form the foreseeable harm caused by the
8 | dangerous and unsafe conditions that existed at the PREMISES. Defendants knew or should have known
9 | that the dangerous conditions were present and/or Defendants (and/or their employees or agents) created
10 | such conditions. Defendants failed to take reasonable steps to repair, replace, or give adequate warning of
11 | the dangerous and unsafe conditions of the PREMISES, which Defendants, and each of them, created or
12 | otherwise failed to repair despite reasonable time and opportunity to take corrective action. Specifically,
13 | while Plaintiff was walking in the check stand lanes, she suddenly and unexpectedly came into contact
14 | with a slippery substance and/or object on the floor, causing her to slip and fall. Plaintiff was injured as a
15 | direct and proximate result of encountering the unsafe and dangerous conditions that existed at
16 | Defendants' PREMISES.

17 |     19.    The above-described conditions created an unreasonable risk of harm which Defendants
18 | and each of them, knew about, either because the Defendants created the condition or because Defendants,
19 | in the exercise of reasonable care, should have discovered through reasonable, periodic inspections of the
20 | property.

21 |     20.    Defendants' breach of their duty of care was a legal cause of, and a substantial factor in,
22 | Plaintiff's harm and damages as alleged herein.

23 |     21.    As a proximate result of the conduct of the Defendants, and each of them, Plaintiff
24 | sustained losses in an amount to be determined at trial, including but not limited to, physical injuries to
25 | her body requiring medical treatment and care, physical pain and mental suffering, loss of earnings and
26 | the capacity to maintain gainful employment, among other general and special damages in an amount to
27 | be determined according to proof.

28 | ///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.  General damages/non-economic damages in a sum according to proof against all Defendants;

2.  Special damages/economic losses, including but not limited to, loss of earnings, loss of earning capacity, medical expenses, property damage, loss of use, and all incidental expenses, according to proof;

3.  Costs of suit and interest, according to proof to the extent allowed by law; and

4.  For such other and further relief as the court may deem just and proper.

Dated: February 14, 2022                         VAZIRI LAW GROUP, APC

                                                 By: _____
                                                 SIAMAK VAZIRI, ESQ.
                                                 CARYN BROTTMAN SANDERS, ESQ.
                                                 ELIZABETH C. MUNRO, ESQ.
                                                 Attorneys for Plaintiff Crystal Horne

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL